IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COREY LOUIS HINES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )  Case No. 11-cv-1064-MJR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

ORDER DIRECTING GOVERNMENT TO RESPOND
TO SECTION 2255 PETITION

REAGAN, District Judge:

In March 2008, Corey Hines was indicted on charges of possession of a prohibited object by an inmate and possession of a controlled substance with the intent to distribute (Criminal Case No. 08-30040-MJR). In October 2009, after a two-day trial, the jury found Hines guilty on both counts. After a delay occasioned by Hines' filing several appeals, he was sentenced by the undersigned Judge, with judgment entered April 12, 2010.

On December 5, 2011, Hines filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. 2255.[1] Section 2255 allows a prisoner in custody via sentence imposed by a federal court to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence exceeded the maximum authorized by law. A one-year statute of limitation applies to § 2255 petitions. The one-year running from the latest of four dates: (1) the date on which the judgment of conviction became final, (2)

---

[1] Review of Hines' petition was delayed by his filing a Notice of Appeal on March 15, 2012. The Mandate of the Seventh Circuit Court of Appeals dismissing the appeal for lack of jurisdiction was filed on July 30, 2012.

1 | P a g e

the date on which the impediment to filing a petition was removed, if the impediment was caused by "governmental action," (3) the date on which the Supreme Court newly recognized a right and made it retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim presented by the petition could have been discovered through the exercise of due diligence.

Rule 4 of the **Rules Governing Section 2255 Proceedings for the United States District Courts** directs the Judge who receives the motion to promptly examine it; if it plainly appears from the motion, any exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. Otherwise, the District Court must order the United States Attorney to file an answer or response within a fixed time. Rule 8 of the **Rules Governing Section 2255 Proceedings** explains that if the motion is not dismissed, then depending on the issues raised and briefs filed, the Judge must determine whether an evidentiary hearing is warranted. If the Judge determines that an evidentiary hearing is needed, he must appoint counsel to represent at the evidentiary hearing any petitioner who qualifies under 18 U.S.C. 3006A .

In the case at bar, Petitioner Hines alleges defective procedures in instituting the prosecution of his case, violation of the Speedy Trial Act, abuse of discretion by the Court, and ineffective assistance of counsel throughout the proceedings. On August 7, 2012, Hines supplemented his petition to assert a claim of errors in connection with his sentencing.

The Court hereby **DIRECTS** the United States to respond to Hines' § 2255 petition by **September 18, 2012**. The United States shall address, *inter alia*, whether Hines' petition is timely-filed. Hines may file a reply brief (no

longer than 5 pages) by **October 8, 2012**. If a review of the briefs indicates that an evidentiary hearing *is* warranted, the Court immediately will set the hearing by separate notice and, if Hines qualifies under 18 U.S.C. 3006A, appoint counsel to represent him at the hearing.

Before considering Hines' petition, however, the Court must take up his motion for the disqualification/recusal of the undersigned Judge (Doc. 16). Accordingly, the Court **DIRECTS** the United States to respond to Hines' motion by **August 28, 2012**. Hines may file a reply brief (no longer than 5 pages) by **September 11, 2012**.

Lastly, having concluded its preliminary review, the Court **DENIES as moot** Hines' motion requesting disposition of his petition (Doc. 2).

IT IS SO ORDERED.

DATED August 8, 2012

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge
